IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BRIAN D. HODGES,

                         Petitioner,

    v.

NORMAN BEZIO, Superintendent,
Great Meadow Correctional Facility,

                        Respondent.

Civil Action No.
9:11-CV-0439 (LEK/DEP)

---

APPEARANCES:

FOR PETITIONER:

BRIAN D. HODGES, *Pro Se*
07-A-2920
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

FOR RESPONDENT:

HON. ERIC T. SCHNEIDERMAN       PAUL B. LYONS, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Brian D. Hodges, a New York State prison inmate who was convicted at trial of arson, reckless endangerment, and criminal mischief, has commenced this proceeding, pursuant to 28 U.S.C. § 2254, requesting a writ of habeas corpus. In his petition, Hodges asserts several grounds for relief, including that the jury verdicts lacked the support of sufficient evidence at trial. For the reasons set forth below, I recommend that the petition be denied either because the majority of petitioner's claims are not cognizable on habeas review or they lack merit.

I.    <u>BACKGROUND</u>

 A.    <u>Factual Background</u>

Petitioner's conviction stems from the termination of a sexual relationship with his sixteen year-old second cousin ("HH") that began in the spring of 2005, when Hodges was twenty-six. After HH ended the relationship in June 2006, her parents sent her to spend time with relatives in Brant Lake, New York. The relatives operated a general store in that town, and HH resided with them in an apartment above the store during her visit.

On July 31, 2006, petitioner drove to Brant Lake and ignited a fire under a deck at the rear of the general store. The fire eventually spread

and consumed the building, including the upstairs apartment and two vehicles parked nearby.  The occupants of the building, however, including HH, managed to escape from the building unharmed.

> B.  State Court Proceedings

Petitioner was indicted by a Warren County grand jury on November 14, 2006, and accused of (1) arson in the second degree, in violation of New York Penal Law § 150.15; (2) arson in the fourth degree, in violation of New York Penal Law § 150.15; (3) criminal mischief in the second degree, in violation of New York Penal Law § 145.10; and (4) five counts of reckless endangerment in the first degree, in violation of New York Penal Law § 10.25.  A10-13.[1]  A jury trial was conducted in connection with those charges in Warren County Court beginning on May 7, 2007.  *See generally* T1-1295.[2]  At the close of the trial, petitioner was convicted of single counts of second-degree arson and second-degree criminal mischief, as well as five counts of reckless endangerment in the first

---

[1]    Citations with the prefix "A" refer to Exhibit E of the index of state court records submitted with respondent's answer in opposition to the pending petition.  Exhibit E constitutes petitioner's appendix on appeal to the New York State Supreme Court, Appellate Division, Third Department.

[2]    Citations with the prefix "T" refer to the portion of respondent's submission in this matter labeled "TRIAL TRANSCRIPT" that constitutes the transcript from the jury trial.  Respondent's submission labeled "TRIAL TRANSCRIPT," filed in opposition to the pending petition, contains the transcript from the jury trial, as well as all court proceedings related to the underlying state criminal proceedings.

degree.[3]  T1286-89.  On July 18, 2007, petitioner was sentenced in connection with those convictions to two concurrent terms of incarceration, the lengthiest period being twenty-two years, with an additional five-year period of post-release supervision.  S24-25.[4]  In addition, the sentencing court issued orders of protections in favor of each of the victims of petitioner's crimes, and directed that Hodges pay restitution for the losses suffered as a result of his actions.  S28-29; RII 22-23.[5]

Petitioner appealed his convictions to the New York State Supreme Court, Appellate Division, Third Department ("Third Department").  Resp. Exh. D.  In that appeal, petitioner argued that (1) the jury's verdict convicting him of arson in the second degree and criminal mischief in the second degree was unsupported by legally sufficient evidence and against the weight of the evidence; (2) the trial court erred in denying his motions

---

[3]     **Error! Main Document Only.**In a separate criminal prosecution in Saratoga County, defendant pleaded guilty to third-degree rape stemming from the sexual relationship with HH, a minor, and was sentenced to a period of incarceration.  A354, A382.

[4]     Citations with the prefix "S" refer to the portion of respondent's submission in this matter labeled "SENTENCING & RESTITUTION HEARING" that constitutes the transcript from the sentencing hearing.  Respondent's submission labeled "SENTENCING & RESTITUTION HEARING," filed in opposition to the pending petition, contains the transcript from the sentencing hearing, as well as the transcript of a two-part restitution hearing.

[5]     Citations with the prefix "RII" refer to the portion of respondent's submission in this matter labeled "SENTENCING & RESTITUTION HEARING" that constitutes the transcript from the second day of the restitution hearing, which took place on July 25, 2008.

(a) for a continuance in order to permit him to review newly presented *Rosario* evidence, and (b) to set aside the verdict; (3) the portion of the jury verdict relating to arson in the second degree and criminal mischief in the second degree was repugnant to the convictions of reckless endangerment in the first degree; and (4) the court's orders of protection and restitution were unlawful. *Id.* On October 29, 2009, the Third Department issued a decision (1) modifying the judgment of conviction by reducing the amount of restitution awarded, (2) remanding the matter for further consideration regarding the appropriate duration of the orders of protection, and (3) otherwise rejecting the remaining arguments raised by the petitioner and unanimously affirming in his convictions. *People v. Hodges*, 66 A.D.3d 1228 (3d Dep't 2009). Petitioner's application for leave to appeal to the New York Court of Appeals was denied on January 22, 2010. *People v. Hodges*, 13 N.Y.3d 939 (2010). Prior to commencing this proceeding, petitioner did not mount any collateral challenges to his conviction, either in the state courts or otherwise.

II.   PROCEDURAL HISTORY

Petitioner commenced this proceeding by the filing of a petition, dated April 12, 2011, seeking a writ of habeas corpus. Dkt. No. 1. Appropriately named as the respondent in that petition is Norman Bezio,

the superintendent of the correctional facility in which petitioner was confined at the time of filing.  *Id.* at 1.  In his petition, Hodges advances six grounds for relief, arguing that (1) his arson and criminal mischief convictions are not supported by legally sufficient evidence; (2) his arson and criminal mischief convictions are against the weight of the evidence adduced at trial; (3) the trial court erred in not granting a continuance to permit Hodges' counsel to review material produced by the prosecution relating to one of its testifying experts; (4) petitioner's convictions for arson and criminal mischief are mutually inconsistent with and repugnant to the convictions of reckless endangerment; (5) the trial court's orders of protection are unlawful because their expiration dates exceed the statutory maximum of twenty-five years; and (6) the amount of restitution ordered by the trial court exceeds the lawful maximum.  *Id.* at 5-10, 15.

Respondent has answered Hodges' petition, arguing that five of the six grounds asserted are unexhausted and procedurally defaulted based upon petitioner's failure to raise the constitutional claims associated with those grounds before the state courts, and that all of the grounds, including the sixth (exhausted) claim lack merit.  *See generally* Dkt. Nos. 8, 9.  In addition to submitting an answer and accompanying memorandum of law, respondent's counsel has filed with the court a

compilation of the state court records associated with the underlying criminal proceedings in state court.  Dkt. No. 10.

This matter is now fully briefed and ripe for determination, and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Governing Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the adjudication of the claim (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 1400 (2011) (citing 28 U.S.C. § 2254(d)); *Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 739 (2011); *Thibodeau v. Portuondo*, 486 F.3d 61 (2d Cir. 2007) (Sotomayor, J.). The AEDPA "'imposes a highly deferential standard for evaluating state-court rulings'

and 'demands that state-court decisions be given the benefit of the doubt.'" *Felkner v. Jackson*, __ U.S. __, 131 S. Ct. 1305, 1307 (2011) (*per curiam*) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)); *accord, Cullen*, 131 S. Ct. at 1398. Federal habeas courts must presume that the state court's factual findings are correct "unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting § 2254(e)(1)); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro*, 550 U.S. at 473 (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

As required by section 2254, on federal habeas review, a court may only consider claims that have been adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d); *Cullen*, 131 S. Ct. at 1398; *Washington v. Schriver*, 255 F.3d 45, 52-55 (2d Cir. 2001). The Second Circuit has held that, when a state court adjudicates a claim on the merits, "a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – even if the

state court does not explicitly refer to either the federal claim or to relevant federal case law."  *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

B.  Ground One – Sufficiency of the Evidence

In his first ground for relief, petitioner contends that there was insufficient evidence at trial to support his convictions of second-degree arson and second-degree criminal mischief.  Dkt. No. 1 at 2.

In light of the considerable deference owed to a jury's verdict and to a state court's decision on habeas review, a petitioner seeking to undermine a conviction on evidence sufficiency grounds bears a heavy burden.  *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062, (2012) (*per curiam*) (reiterating that evidence-sufficiency claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference" – deference owed to a jury's verdict and deference owed to a state court's decision rejecting a defendant's sufficiency claim on appeal); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000) ("[P]etitioner bears a very heavy burden in convincing a federal *habeas* court to grant a petition on the grounds of insufficiency of the evidence."); *see also United States v. Brewer*, 36 F.3d 266, 268 (2d Cir. 1994).  A petitioner invoking this ground is entitled to relief only if it is found "that upon the record evidence adduced at trial no rational trier of

fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Va.*, 443 U.S. 307, 324 (1979); *Cavazos v. Smith*, 565 U.S. 2, 3 (2011) (*per curiam*). In determining whether sufficient evidence existed below to support a conviction, courts are required to "consider the evidence in the light most favorable to the prosecution and make all inferences in its favor." *Fama*, 235 F.3d at 811 (citing *Jackson*, 443 U.S. at 319). Moreover, a federal court may overturn a state court's decision rejecting a petitioner's sufficiency claim "only if [the decision] was objectively unreasonable." *Coleman*, 132 S. Ct. at 2062 (quotation marks omitted).

When examining an evidence-sufficiency claim on habeas review, "[a] federal court must look at state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999); *accord, Fama*, 235 F.3d at 811. In this instance, petitioner challenges the sufficiency of the evidence at trial supporting his convictions of second-degree arson and second-degree criminal mischief. Dkt. No. 1 at 2. In New York, arson in the second degree is defined, in pertinent part, as follows:

> A person is guilty of arson in the second degree when he intentionally damages a building or motor vehicle by starting a fire, and when (a) another person who is not a participant in the crime is present in such building or motor vehicle at the time, and (b) the defendant knows that fact or the

> circumstances are such as to render the presence
> of such a person therein a reasonable possibility.

N.Y. Penal Law § 150.15.  New York law defines second-degree criminal

mischief as follows:

> A person is guilty of criminal mischief in the second
> degree when with intent to damage property of
> another person, and having no right to do so nor
> any reasonable ground to believe that he has such
> a right, he damages property of another person in
> an amount exceeding one thousand five hundred
> dollars.

N.Y. Penal Law § 145.10.

The Third Department's conclusion that the evidence adduced at

petitioner's trial "was legally sufficient to support both convictions"  is not

objectively unreasonable.  *Hodges*, 66 A.D.3d at 1230.  The following

evidence was adduced at trial.  In the spring of 2005, petitioner began

visiting the home where HH, the sixteen year-old daughter of his first

cousin, resided.  T718, T748-50.  Petitioner and HH began a friendship at

that time, and by December 2005, the two were spending significant

periods of time together at each other's residences.  T719-24, T750-53.

Their relationship eventually turned sexual.  T999, T1027-28.

In June 2006, the relationship changed when HH advised petitioner

that she was no longer interested in him.  T725, T1030-31.  Despite

termination of the relationship, petitioner continued to pursue and have

contact with HH.  *Id.*  For example, in late June or early July, HH and her family went on a camping trip, and petitioner appeared at the campsite and attempted to persuade HH to renew a relationship with him.  T726, T754.  According to HH, petitioner became angry after she resisted his advances.  T126-27.

On or about July 4, 2006, shortly after the family camping trip, HH and her sister were sent by their parents to live temporarily with their aunt who lived in Brant Lake, New York, and owned a general store at which the girls worked during their stay.  T727, T730, T757.  Petitioner visited the store several times while HH was there, and on one occasion became involved in an argument with HH's father claiming that HH did not want to stay in Brant Lake.  T728-29, T759-61, T1000-01, T1033, T1037-38. During his visits, Hodges always requested HH to return home.  T731-33, T1035-36, T1046.

On July 27, 2006, petitioner drove HH and her sister to the race track in Saratoga, New York, for the day, and returned them to Brant Lake sometime in the early evening.  T733-34, T1042-43.  During that trip, HH informed petitioner that she and her sister had plans to go to see fireworks that evening in Lake George, New York, with a couple of seventeen year-old boys with whom petitioner was unacquainted.  T735, 1043.  Despite

petitioner's urging not to go to Lake George, HH and her sister went anyway. T1043-44. On the way to Lake George, the car in which HH was riding passed defendant's vehicle on the side of the road, at which point the petitioner's vehicle pulled out onto the highway and followed her vehicle. T737-38, 1043-44.

On July 31, 2006, petitioner sent an e-mail to the New York State Department of Agriculture and Markets, utilizing a pseudonym, alleging that the general store owned by HH's aunt operated under unsanitary conditions. T795, T800, T1047-48. Later that evening, Hodges drove his mother's minivan to Brant Lake and parked it on a side street, where it was unlikely to be seen. T1006-07, T1055-56, T1060, T1063-64, T1100. A short time later, the building was destroyed by fire. T1016.

When first questioned about the fire by police, petitioner denied any involvement, and told investigators that he was drinking and having dinner with friends at a bar near his house until 10:30 p.m., after which he went home to bed. T834-35, T1021-22. Months later, when petitioner was again interviewed by police, he was confronted with cellular telephone records placing him in the vicinity of the fire on July 31, 2006. T842. At that time, Hodges admitted having driven to Brant Lake after leaving the bar, igniting a fire with a cigarette, building it up with leaves, and fanning

the flames with cardboard.  T860-64, T10006-12, T 1023-24, T1061-62, T1069.  After attempting, without success, to attract HH's attention by throwing sticks at two different windows, and stepping on the area where he thought the lighted cigarette might still be, petitioner left the vicinity, despite the fact that smoke was still coming from under the deck where he had thrown his cigarette.  T1006-1015.  Petitioner, a trained volunteer firefighter, claimed that he started the fire in order to make the building's occupants aware of the building's existing fire hazards, and did not intend to damage the building, particularly because the girl he loved was inside. T833, T860-64, T1012-15, T1019, T1026-27, T1092, T1095, T1124. Before leaving the general store, petitioner did not alert anyone of the smoldering coming from underneath the deck.  T1015, T1087-88.

At trial, the prosecution offered the testimony of a fire cause and origin expert who ruled out natural and accidental causes, and opined the fire at the general store began under the deck and was incendiary in nature, meaning that a human element was required to ignite it.  T568, T623, T626-27, T688-89.

Taking into consideration all of this evidence as a whole, and viewing the evidence in the light most favorable to the prosecution, I find that the jury's guilty verdict with respect to second-degree arson and

second-degree criminal mischief was well-supported, and the Third Department's conclusion that there was sufficient evidence at trial to support those verdicts is not objectively unreasonable. Accordingly, I recommend that petitioner's sufficiency-of-the-evidence claim be dismissed.

B. Ground Two – Weight of the Evidence

Petitioner's second habeas claim is that the convictions of arson and criminal mischief were against the weight of the evidence adduced at trial. Dkt. No. 1 at 7. This claim, however, is derived from New York Criminal Procedure Law § 470.15(5),[6] *People v. Bleakley*, 69 N.Y.2d 490, and does not implicate constitutional considerations or federal law, and is therefore not cognizable on habeas review. 28 U.S.C. § 2254; *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]"); *McClelland v. Kirkpatrick*, 778 F. Supp. 2d 316, 335 (W.D.N.Y. 2011) ("Since a 'weight of the evidence claim' is purely a matter of state law, it is not cognizable on habeas review."). Accordingly, I recommend that this claim be dismissed.

---

[6] That section provides that, if "a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence," a New York appellate court may reverse or modify the conviction. N.Y. C.P.L. § 470.15(5).

D.     Ground Three – Continuance

In the third ground of his petition, Hodges challenges the trial court's denial of his request for a continuance to permit his counsel to prepare for cross-examination of a prosecution witness because the prosecution allegedly failed to timely provide *Rosario* material to the defense.  Dkt. No. 1 at 8.

As an initial matter, because this argument is, again, grounded in state law, it is not cognizable on habeas review.  *See Moss v. Phillips*, No. 03-CV-1496, 2008 WL 2080553, at *7 (N.D.N.Y. May 15, 2008) (Kahn, J.) ("To the extent [petitioner] claims he is entitled to federal habeas relief due to alleged *Rosario* violations committed by the prosecution, the Court notes that because such violations are grounded in state law, federal district courts have held that a claimed *Rosario* violation cannot form a basis for federal habeas relief." (footnote omitted) (listing cases)). [7]

---

[7]     To the extent that petitioner intended to assert his third ground for relief in constitutional or federal law terms, thus rendering it cognizable under section 2254, it is unexhausted and procedurally defaulted, and therefore not subject to review by a federal court.  *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (holding that a petitioner must exhaust available state law remedies prior to filing a petition for a writ of habeas corpus with respect to all claims raised in the petition, and, where a petitioner fails to exhaust available remedies and is unable to do so at the time his petition is filed, unless he can prove either (1) both good cause for and actual prejudice resulting from his procedural default, or (2) that the denial of habeas relief would leave unremedied a fundamental miscarriage of justice, federal courts are precluded from addressing those claims on habeas review).

In any event, to the extent that this claim may be construed as asserting a due process claim, and assuming the Third Department considered the federal grounds (thus rendering the claim exhausted and reviewable on habeas review), the trial court's denial of petitioner's request for a continuance was neither contrary to nor an unreasonable application of clearly established law. Whether a trial court grants a continuance "is a matter traditionally within [its] discretion." *Drake v. Portuondo*, 321 F.3d 338, 344 (2d Cir. 2003) (quotation marks omitted). The Supreme Court has said that "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the [Constitution]." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)); *accord, Drake*, 321 F.3d at 344. "When a denial of a continuance forms the basis for a habeas claim, the petitioner must show not only that the trial court abused its discretion, but also that the denial was so arbitrary and fundamentally unfair that it violated constitutional principles of due process." *Childs v. Herbert*, 146 F. Supp. 2d 317, 322 (S.D.N.Y. 2001) (listing cases).

In this case, the Third Department affirmed the trial court's denial of petitioner's request for a continuance finding that "there was no *Rosario*

violation." *Hodges*, 66 A.D.3d at 1233. Because petitioner has not established that the trial court's denial was contrary to or involved an unreasonable application of clearly established federal law, or that the denial was based on an unreasonable determination of the facts, he is not entitled to relief on this claim, and I recommend that it be dismissed.

### E.    Ground Four – Inconsistent Verdict

Petitioner next contends that portions of the jury's verdict finding him guilty of arson and criminal mischief are inconsistent with the verdict finding him guilty of reckless endangerment. Dkt. No. 1 at 10. Petitioner specifically argues that, because arson and criminal mischief require a *mens rea* of intent and criminal mischief requires a finding of recklessness, the verdicts are repugnant. *Id.* Because it is well settled that an alleged inconsistent jury verdict does not provide a basis for federal habeas relief, I recommend that this claim be dismissed. *See United States v. Powell*, 469 U.S. 57, 65 (1984) ("[T]he possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest." (citing *Harris v. Rivera*, 454 U.S. 339, 345 (1981)); *Baker v. Kirkpatrick*, 768 F. Supp. 2d 493, 511 (W.D.N.Y. 2011) ("[I]nconsistent jury verdicts are not a ground for habeas relief." (citing cases)).

F.     Grounds Five and Six – Sentencing

Petitioner finally contends that his sentence was unduly harsh and excessive.  Dkt. No. 1 at 15.  He specifically contends that (1) the trial court erred in determining the duration of the orders of protection and (2) the trial court erred in awarding lost income as part of restitution.  *Id.*

In his fifth ground for relief, petitioner states that the trial court "improperly placed the orders of protection to 30 years from sentencing date not taking into account the Jail Time served," but that the Third Department "agreed and remanded to the trial court for proper calculation."  Dkt. No. 1 at 15.  He also contends as follows:

> Upon recalculation trial court had defendant sign the same expiration stating that after the 22 year sentence the 5 years post release supervision is part of the sentence imposed. However that would be a[n] illegal sentence with the punishment more than the statutory maximum of 25 years. Thus the Orders of Protection are still invalid.

*Id.*  Liberally construed, this claim asserts that the duration of the orders of protection issued by the trial court on remand are unlawful.  According to the parties' appellate briefs, the original orders of protection were to expire on July 18, 2037.  Resp. Exh. D at 45; Resp. Exh. F at 23.  Petitioner successfully argued to the Third Department, and respondent conceded, that the expiration date violated New York Criminal Procedure Law §

530.12(5). *Hodges*, 66 A.D.3d at 1233. The Third Department remanded the matter to the trial court "to determine the amount of jail time credit to which defendant is entitled and to specify a duration for the orders of protection eight years after the expiration of his maximum term of imprisonment[.]" *Id.* That court instructed the trial court that "[i]n calculating the expiration of defendant's maximum term . . .[,] the five-year period of postrelease supervision should be added to his 22-year minimum term[.]" *Id.* (citation omitted). On remand, the trial court entered new orders of protection that again will expire on July 18, 2037. Those new orders are dated March 17, 2010.

Even assuming that petitioner is correct that the duration of the new orders of protection issued by the trial court on remand remains unlawful under state law, this claim is not cognizable for federal habeas relief. It is well established that an "order of protection issued incident to a criminal proceeding . . . is not a part of a sentence imposed." *People v. Nieves*, 2 N.Y.3d 310, 316 (2004). "Thus, even if the orders of protection in this case are defective as [petitioner] argues, those defects do not render [petitioner]'s sentence . . . invalid[.]" *Nieves*, 2 N.Y.3d at 316. In this case, while the orders of protection may be invalid under New York state law,[8]

---

[8] The court expresses no opinion regarding whether the expiration date of the orders of protection issued on remand violate state law.

they do not violate any of petitioner's constitutional rights.  *See McKeon v. Heath*, No. 12-CV-0485, 2013 WL 5818591, at *15 (W.D.N.Y. Oct. 29, 2013) (dismissing the petitioner's claim because it "impermissibly seeks to repackage an error of state statutory law as a federal constitutional matter," and finding that "[t]he orders of protection, although defective under New York state law, do not infringe on any rights guaranteed by the federal constitution").  Accordingly, I recommend that this claim be dismissed.

Turning to petitioner's contention that the state court erred in including lost income in the restitution award because it violates New York statutory law, Dkt. No. 1 at 15, that claim similarly is not cognizable on federal habeas review because it is not grounded in federal law.  *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violations of the Constitution or laws or treaties of the United States.").  Instead, petitioner maintains that the amount of restitution awarded by the state court violates New York Penal Law § 60.27.  Dkt. No. 1 at 15.  Because there is no basis for this contention in constitutional or federal law, it does not provide a basis for an award of habeas relief.  Accordingly, I recommend that this claim be denied.

Finally, petitioner argues that, "[a]s a first time violent felon[,] the leng[th]y sentence should be reduced in the interest of justice[.]" Dkt. No. 1 at 15. It is well established, however, that "[n]o federal constitution issue is presented where . . . the sentence is within the range prescribed by law." *White v. Keane*, 969 F.3d 1381, 1383 (2d Cir. 1992). In this case, petitioner has not established that his sentence was contrary to any law, and, even assuming it was unlawful as originally imposed, any error was remedied by the Third Department on appeal. Thus, this claim is both not cognizable (because his sentence accords with state law) and, in any event, moot (because any error was cured by the state court). For these reasons, I recommend that this claim be dismissed.[9]

### G. Certificate of Appealability

To appeal a final order denying a request for habeas relief by a state prisoner, a court must issue the petitioner a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also* Fed. R. App. P. 22(b)(1) ("[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). A COA may issue only "if the applicant has made a

---

[9]    To the extent that petitioner intended to assert his fifth and sixth grounds for relief in constitutional or federal law terms, thus rendering them cognizable under section 2254, they are unexhausted and procedurally defaulted and therefore not subject to review by a federal court. *Aparicio*, 269 F.3d at 90.

substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  A petitioner may demonstrate a "substantial showing" if "the

issues are debatable among jurists of reason; . . . a court could resolve the

issues in a different manner; or . . . the questions are adequate to deserve

encouragement to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983) (quotation marks and alterations omitted); *accord, Lucidore v.

N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  In this

instance, I conclude that the petitioner has not made a substantial showing

of the denial of a constitutional right, and therefore recommend against the

issuance of a COA.

IV.    SUMMARY AND RECOMMENDATION

    With the exception of his claim that the arson and criminal mischief

convictions entered against him are not supported by legally sufficient

evidence, the grounds asserted in the petition in this matter are not

cognizable on federal habeas review, and are therefore subject to

dismissal.  Turning to the merits of petitioner's sufficiency-of-the-evidence

claim, I conclude that the Third Department's finding that there exists

sufficient record evidence to support the arson and criminal mischief

convictions is not objectively unreasonable.  Accordingly, it is hereby

respectfully

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects; and is further hereby

RECOMMENDED, based upon my finding that Hodges has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), that a certificate of appealability not issue with respect to any of the claims set forth in his petition.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    May 19, 2014
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge